﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 191108-43470
DATE: December 31, 2019

ORDER

Entitlement to a 50 percent rating for migraine headaches is granted.

FINDING OF FACT

With resolution of doubt in the Veteran’s favor, the Veteran’s migraines have approximated frequent completely prostrating and prolonged attacks productive of severe economic inadaptability during the entire period on appeal.

CONCLUSION OF LAW

The criteria for a 50 percent rating for migraines have been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 4.124a, DC 8100 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from May 1955 to May 1969.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran opted into the Appeals Modernization Act appeals process after a Supplement Statement of the Case was issued. He elected the Direct Review docket. 

During the pendency of the appeal, in a November 2019 rating decision, the RO assigned 30 percent rating, effective November 21, 2017 for migraine headaches. That does not constitute a full grant of the benefit sought on appeal. However, the Board has limited its consideration accordingly.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c) (2019). 38 U.S.C. § 7107(a)(2) (2012).

1. Evaluation of migraines

The Veteran has asserted that he is entitled to a rating in excess of 30 percent for his migraines as his symptoms are worse than those contemplated by the currently assigned rating.

Diagnostic Code 8100 provides ratings for migraine headaches. Migraine headaches with less frequent attacks than the criteria for a 10 percent rating are rated as noncompensably (0 percent) disabling. Migraine headaches with characteristic prostrating attacks averaging one in 2 months over the last several months are rated 10 percent disabling. Migraine headaches with characteristic prostrating attacks occurring on an average once a month over last several months are rated 30 percent disabling. Migraine headaches with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability are rated 50 percent disabling. 38 C.F.R. § 4.124a. 

The Board notes that the rating criteria do not define the term “prostrating.” See 38 C.F.R. § 4.124a, Diagnostic Code 8100. Clinically, “prostrating” is defined as “extreme exhaustion or powerlessness.” Dorland’s Illustrated Medical Dictionary 1554 (31st ed. 2007). In nonmedical terms, prostrating is defined as lying flat or at full length, to reduce to physical weakness or exhaustion, or to reduce to helplessness.

Likewise, the regulations provide no clarification as to the meaning of the phrase “productive of severe economic inadaptability.” The United States Court of Appeals for Veterans Claims (Court), however, has issued a precedential decision which focuses on the meaning of this phrase. In Pierce v. Principi, 18 Vet. App. 440 (2004), the Court interpreted the phrase as follows: “nothing in DC 8100 requires that the claimant be completely unable to work in order to qualify for a 50% rating” because “[i]f ‘economic inadaptability’ were read to import unemployability,” a claimant who “met the economic-inadaptability criterion, would then be eligible for a rating of total disability based on individual unemployability [(TDIU)]... rather than just a 50% rating.” Id. The Court therefore rejected the notion that “severe economic inadaptability” was equivalent to an inability to secure or follow a substantially gainful occupation, the unemployability standard for TDIU benefits. Id. (citing 38 C.F.R. § 4.16 (a)). In addition, the Court in Pierce acknowledged the VA Secretary’s concession that the phrase “productive of severe economic inadaptability” in Diagnostic Code 8100 should be construed as either “producing” or “capable of producing” severe economic inadaptability. Id. at 445.

At a December 2017 VA examination, the examiner stated that the Veteran’s headaches were migraines and bitemporal headaches. The Veteran reported that he suffered from headaches 3-4 times per month. Further, that when the headaches onset, that he would rest in a quiet dark room for several hours until the headache subsides. Additionally, that the Veteran takes medication to help with the pain. The Veteran reported constant head pain, pulsating or throbbing head pain, pain on both sides of the head, and pain that worsens with physical activity. The examiner noted that the Veteran did not have characteristic prostrating attacks of migraine or non-migraine headache pain. Additionally, the examiner noted that the Veteran’s headache condition does impact his ability to work; specifically, the Veteran lost zero to one-weeks’ time in 12 months. 

An addendum opinion was obtained in February 2018. At that time, the examiner indicated that the Veteran had neck scars that were separate and unrelated to the Veteran’s service-connected migraines.

The Veteran was afforded another VA examination in November 2019. At that time, the examiner confirmed the diagnosis of migraines. The Veteran experienced pain on both sides of the head, sensitivity to light, and changes in vision. The examiner found that the Veteran had characteristic prostrating attacks of migraines more frequently than once per month, but that the prostrating attacks were not productive of severe economic inadaptability. However, the examiner did note that the Veteran’s headaches would distract the Veteran in any type of occupational environment. Further, that when the headaches are bad enough the Veteran would have to miss work.

A review of the record shows that the Veteran also receives treatment for various disabilities at the VA Medical Center. However, there is no indication from the treatment notes of record that the Veteran has symptoms of his migraine disability that are worse than those already reported by the VA examiners.

The Board notes that the December 2017 VA examiner did not characterize the Veteran’s headaches as prostrating; however, the Veteran indicated that his more severe headaches would cause him to rest in a quiet and dark room for several hours until his headache subsides. Furthermore, the November 2019 VA examiner indicated that he had prostrating headaches more frequently than once per month and that the Veteran’s headaches would cause him to miss work. Resolving reasonable doubt in his favor, the Board finds that his more severe headaches are prostrating and occur more frequently than once per month, which is more frequent than contemplated in the criteria for a 30 percent rating. 38 C.F.R. § 4.124a, Diagnostic Code 8100.

The Board finds that the Veteran is entitled to a rating for migraines in excess of 30 percent. In this regard, the Veteran did report that he experienced frequent headaches, further that he had to rest in a dark room when his headaches onset. Both examinations indicated that the Veteran’s headaches occurred more frequently than once per month, and both examiners indicated that the Veteran’s symptoms would impact the Veteran’s ability to work. Therefore, the Board finds that the Veteran’s migraines are productive of severe economic inadaptability. Thus, resolving the benefit of the doubt in his favor, the Board finds that his migraine disability more closely approximates the criteria for the maximum, 50 percent rating. 38 C.F.R. § 4.124a, Diagnostic Code 8100 (2019).

For those reasons, the Board finds that the maximum schedular rating of 50 percent rating, but no higher, is warranted for the Veteran’s service-connected migraines.

 

 

Emily Tamlyn

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. Cannaday, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.